IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Christopher Holscher, and<br>Jeremiah Brendsel<br><br>Plaintiffs<br><br>vs.<br><br>William Hawley, Mille Lacs County<br>Sheriff Brent Lindgren and<br>Mille Lacs County,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08cv 5310 ADM/RLE<br><br>**AMENDED<br>COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiffs, collectively and individually, allege as follows:

### INTRODUCTION

1. This is an action for damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Minnesota, against Mille Lacs County Deputy Sheriff William Hawley (individually and in his official capacity), Mille Lacs County Sheriff Brent Lindgren (individually and in his official capacity) and Mille Lacs County, Minnesota. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

SCANNED
OCT 01 2008
U.S. DISTRICT COURT MPLS

1

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Sections 1983 and 1988. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged occurred in the County of Mille Lacs, Minnesota, which is within this judicial district.

3. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims brought in this action. The federal and state law claims arise from a common set of operative facts and from the same set of transactions and occurrences.

## PARTIES

4. Plaintiff Christopher Holscher is and at all times herein relevant was a resident of Onamia, Minnesota.

5. Plaintiff Jeremiah Brendsel is and at all times herein relevant was a resident of Onamia, Minnesota.

6. At all times mentioned herein, Defendant William Hawley was employed as a sheriff's deputy for Defendant Mille Lacs County and supervised by Defendant Sheriff Brent Lindgren. Defendant Hawley is sued individually and in his capacity as a sheriff's deputy. By engaging in the conduct described herein, Defendant Hawley acted under color of law and in the course and scope of his employment for Defendant County. By engaging in the conduct described herein, Defendant Hawley exceeded the scope of authority vested in him as a deputy sheriff under the U.S. Constitution and as an employee of Defendant

County.

7. At all times addressed herein, Defendant Hawley was the agent or employee of Defendants County and Sheriff, and in doing the things alleged, was acting within the course and scope of such agency or employment, and with actual or implied permission, consent, authorization and approval of Defendants County and Sheriff.

8. The facts alleged herein constitute the same transaction, occurrence, or series of transactions or occurrences.

## STATEMENT OF FACTS

### *Plaintiff Holscher*

9. On May 23, 2004, Plaintiff Holscher was riding an All Terrain Vehicle (ATV) and in the company of Plaintiff Brendsel. Defendant Hawley and several other officers began to pursue them both. Deputy Hawley caught up with Plaintiff Holscher and ordered Plaintiff Holscher to lay face down on the ground with his hands exposed. While Plaintiff Holscher was laying face down with his hands exposed in compliance with Defendant Hawley's order, Defendant Hawley ordered a trained attack dog named "Taz" to sic Plaintiff Holscher. Taz then proceeded to bite Plaintiff Holscher, causing severe lacerations and bruising which required immediate medical attention and resulted in extreme pain, suffering, permanent scarring and severe emotional distress.

10. After placing Plaintiff Holscher under arrest on May 23, 2004, Defendant Hawley ordered him to remove all items of clothing except for his underwear before

Defendant Hawley placed Plaintiff Holscher in the backseat of the squad car. Defendant Hawley transported Plaintiff Holscher in this condition to the local hospital and forced Plaintiff Holscher to walk into the hospital in his underwear. After receiving treatment, Defendant Hawley forced Plaintiff Holscher to leave the hospital in only his underwear, and was transported over twenty miles in this state of undress to the Mille Lacs County Jail. Deputy Hawley had Plaintiff Holscher checked into the jail while still wearing only his underwear. The marching of Plaintiff Holscher in his underwear was unreasonable seizure, done maliciously by Defendant Hawley, and caused Plaintiff Holscher great personal embarrassment and severe emotional distress.

*Plaintiff Brendsel*

11. On May 23, 2004, Plaintiff Brendsel was riding an All Terrain Vehicle (ATV) and in the company of Plaintiff Holscher. Defendant Hawley and several other officers began to pursue them both. Deputy Hawley caught up with Plaintiff Brendsel and ordered Plaintiff Brendsel to lay face down on the ground with his hands exposed. While Plaintiff Brendsel was laying face down with his hands exposed in compliance with Defendant Hawley's order, Defendant Hawley ordered a trained attack dog named "Taz" to sic Plaintiff Brendsel. Taz then proceeded to bite Plaintiff Brendsel, causing severe lacerations and bruising which required immediate medical attention and resulted in extreme pain, suffering, permanent scarring and severe emotional distress.

12. After placing Plaintiff Brendsel under arrest on May 23, 2004, Defendant

Hawley ordered him to remove all items of clothing except for his underwear before Defendant Hawley placed Plaintiff Brendsel in the backseat of the squad car. Defendant Hawley transported Plaintiff Brendsel in this condition to the local hospital and forced Plaintiff Brendsel to walk into the hospital in his underwear. After receiving treatment, Defendant Hawley forced Plaintiff Brendsel to leave the hospital in only his underwear, and was transported over twenty miles in this state of undress to the Mille Lacs County Jail. Deputy Hawley had Plaintiff Brendsel checked into the jail while still wearing only his underwear. The marching of Plaintiff Brendsel in his underwear was unreasonable seizure, done maliciously by Defendant Hawley, and caused Plaintiff Brendsel great personal embarrassment and severe emotional distress.

## DAMAGES

13. As a proximate result of Defendants' conduct, Plaintiff Holscher suffered blunt trauma, severe pain and suffering, permanent scarring, personal humiliation, mental anguish and severe emotional distress.

14. As a direct and proximate result of Defendants' conduct, Plaintiff Brendsel suffered blunt trauma, severe pain and suffering, permanent scarring, personal humiliation, mental anguish and severe emotional distress.

### FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)
(Against Defendant Hawley)

15. Defendant Hawley acted under color of law to deprive Plaintiffs of certain

constitutionally protected rights, including, but not limited to:

a. The right to be free from the use of excessive force by law enforcement officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution;

b. The right of freedom of speech, as protected by the First Amendment of the United States Constitution.

16. As a proximate result of Defendant Hawley's conduct, Plaintiffs suffered injuries and damages as set forth herein.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983 *Monell*)
(Against Defendants County and Sheriff)

17. Defendants County and Sheriff, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant Hawley which constitute the use of unnecessary and excessive force against citizens. Despite said notice, Defendants County and Sheriff have demonstrated deliberate indifference to this pattern and these practices of constitutional violations by failing to take necessary, appropriate or adequate measures to remedy past and prevent future perpetuation of said pattern of conduct by Defendant Hawley. This lack of adequate supervisory response by Defendants County and Sheriff, as the final policymaking authorities, demonstrates the existence of an informal custom or policy that tolerates and promotes the continued use of excessive force against citizens and the violation

of the civil rights of citizens by Defendant Hawley and other county law enforcement personnel.

18.     The acts of Defendants County and Sheriff alleged herein are the proximate result of the deliberate indifference and policy and/or practice of Defendants County and Sheriff and their supervisory officials and employees toward violations of the constitutional rights of citizens by Defendant Hawley. Plaintiffs' injuries were foreseeable and were a direct and proximate result of the deliberate indifference of Defendants County and Sheriff to the pattern, practices, customs and policies described above.

### THIRD CAUSE OF ACTION
(Assault)
(Against Defendant Hawley)

19.     Defendant Hawley placed Plaintiffs in immediate fear of severe bodily harm by physically seizing and battering them without any just provocation or reasonable cause as set forth herein. The conduct of Defendant Hawley in no instance was privileged or justified under statute or common law.

20.     Plaintiffs did not consent to the offensive contact by Defendant Hawley.

21.     The conduct of Defendant Hawley proximately resulted in Plaintiffs suffering damages as set forth herein.

### FOURTH CAUSE OF ACTION
(Battery)
(Against Defendant Hawley)

22.     Defendant Hawley caused an unwanted and harmful touching of the person of

the Plaintiffs resulting in physical and emotional damages as set forth herein. Defendant Hawley's conduct was neither privileged nor justified under statue or common law.

23. Plaintiffs did not consent to the offensive contact by Defendant Hawley.

24. The conduct of Defendant Hawley proximately resulted in Plaintiffs suffering damages as set forth herein.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendant Hawley)

25. The conduct of Defendant Hawley, as set forth herein, was extreme, outrageous and willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon Plaintiffs.

## SIXTH CAUSE OF ACTION
(Negligence)
(Against Defendant Hawley)

26. At all times herein mentioned, Defendant Hawley was subject to a duty of care to avoid causing unnecessary physical harm and distress to citizens that he confronts or arrests. The conduct of Defendant Hawley did not comply with the standard of care to be exercised by a reasonable peace officer and directly and proximately caused Plaintiffs to suffer damages as set forth herein.

## SEVENTH CAUSE OF ACTION
(Negligent Selection, Training, Retention,
Supervision, Investigation, and Discipline)
(Against Defendants County and Sheriff)

27. As the final policymaking authorities, Defendants County and Sheriff have and,

at all times relevant herein, had a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate and discipline Defendant Hawley and other deputies so as to avoid unreasonable risk of harm to citizens.

28. Defendants County and Sheriff, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant Hawley, including the use of unnecessary and excessive force against citizens.

29. Despite having such notice, Defendants County and Sheriff have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate or adequate measures to prevent this continued pattern of conduct by Defendant Hawley.

30. Defendants County and Sheriff breached their duty of care to citizens in that they have failed to adequately train Defendant Hawley in the proper use of force in the course of his employment as a law enforcement officer. This lack of adequate supervisory response by Defendants County and Sheriff, and lack of adequate supervisory training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against and violation of civil rights of citizens by county law enforcement officers.

31. The negligent conduct of Defendants County and Sheriff proximately resulted in Plaintiffs suffering damages as set forth herein.

## TENTH CAUSE OF ACTION
(Respondent Superior)

32. Defendant Hawley committed the acts described above within the course and scope of his employment as a Mille Lacs County Deputy Sheriff.

33. Defendants County and Sheriff are therefore liable under all causes of action brought against Defendant Hawley to which the doctrine of respondent superior applies for the injuries and damages suffered by Plaintiffs as set forth herein.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. General damages according to proof at trial;

2. Special damages (including medical expenses and wage loss) according to proof at trial;

3. Punitive damages against Defendant Hawley according to proof at trial;

4. Reasonable attorney fees pursuant to 42 U.S.C. § 1988;

5. Costs of suit incurred herein;

6. Such other and further relief as the Court may deem just and proper.

                                                                           CUROTT & ASSOCIATES, LLC

Dated: September 26, 2008

                                                                           Richard W. Curott (#20448)
                                                                           P.O. Box 206
                                                                           Milaca, Minnesota 56353
                                                                           (320) 983-2104
                                                                           *Attorney for Plaintiffs*

STATE OF MINNESOTA        )
                          )ss.
COUNTY OF MILLE LACS      )

I, Sherri L. Pap, being duly sworn, on oath, state that on September 26, 2008 I served the attached Amended Complaint on the person or party listed below by placing the same in the United States mail addressed as follows:

Jason Hiveley
Attorney at Law
9321 Ensign Avenue S.
Bloomington, MN 55438

*Sherri L. Pap*
Sherri L. Pap

Subscribed and sworn to before me
on September 26, 2008.

*[signature]*
Notary Public

SHERRI L. JENKINS
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010

\\SHERRIJ\WPDOCS-sherrij\Hawley Suit\aff-serv.B.092608.doc

# CUROTT &
# ASSOCIATES, LLC
*Attorneys at Law*



Richard W. Curott
Jill K. Meyer
Joseph J. Walsh

Legal Assistants
Sherri L. Jenkins
Sherri L. Pap
Andrea DePatto

Post Office Box 206
116 Second Avenue SW
Milaca, Minnesota 56353
(320) 983-2104
FAX: (320) 983-2846

September 26, 2008

United States District Court
Attn: Clerk of Court
U.S. Courthouse, Room 202
300 South Fourth Street
Minneapolis, MN 55415

Dear Sir/Madam:

Re:   Lonnie Strandlund, Christopher Holscher, Jeremiah Brendsel and Richard Krawiecki vs. William Hawley, Mille Lacs County Sheriff Brent Lindgren and Mille Lacs County
      Court File No. 05-468 JMW/RLE

Pursuant to the order of August 20, 2008 in the Stranlund v. Hawley matter, Court File No. 05-CV-468, please find enclosed two Amended Complaints, one in the matter of Holscher and Brendsel v. Hawley et al., and one in the matter of Krawiecki v. Hawley et al. Pursuant to your direction, we have enclosed two separate checks for the filing fees each in the sum of $350.

If there is anything further that you need from me let me know. Future filings will be done electronically once we receive the assigned case numbers, unless you direct me otherwise.

Very truly yours,

Richard W. Curott
Attorney at Law

RWC/sp

Enclosures

cc:   Jason Hively
      Richard Krawiecki
      Jeremiah Brendsel
      Christopher Holscher

\\SHERRIJ\WPDOCS-sherrij\Hawley Suit\COURT.092608.doc